**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION**

ADDIE GREEN, ET AL.                                                                                                 PLAINTIFFS

vs.                                                                                         Civil Action No. 3:03-cv-1388WS

COPIAH COUNTY; COPIAH COUNTY BOARD
OF SUPERVISORS; COPIAH COUNTY, MISSISSIPPI
SHERIFF DEPARTMENT; FRANK AINSWORTH,
SHERIFF, INDIVIDUALLY AND IN HIS OFFICIAL
CAPACITY; DAVID MCMILLIAN, DEPUTY SHERIFF,
INDIVIDUALLY AND IN HIS OFFICIAL CAPACITY                                 DEFENDANTS


**MEMORANDUM OPINION AND ORDER**

Before this court are the following motions:  (1)  an Amended Motion by Defendants to Extend Time for Discovery Deadline **[docket #51-1]**;  (2)  a Motion by Defendants to Compel Discovery Responses **[docket # 59-1]**;  (3)  a Motion by Defendants Copiah County, Copiah County Board of Supervisors, Copiah County, Mississippi Sheriff Department, Frank Ainsworth, and David McMillian for Qualified Immunity **[docket # 60-1]** and/or Summary Judgment **[docket # 60-2]**;  (4)  a Motion by Plaintiffs to Dismiss Defendants' Motion to Compel Discovery Responses **[docket # 70-1]**;  (5)  a Motion by Plaintiffs for Extension of Time to File Response to Defendants' Motion for Qualified Immunity **[docket # 71-1]**;  (6)  a Motion by Defendants for Extension of Time to File Rebuttal to Plaintiffs' Response to Defendants' Motion for Qualified Immunity **[docket # 80-1]**;  (7)  an Amended Motion by Defendants for Additional Time to File Rebuttal to Plaintiff's Response to Defendants' Motion for Qualified Immunity **[docket**

**# 81-1]**;  (8)  a Motion by Defendants in *Limine* as to matters concerning a prior shooting incident involving Deputy Sheriff David McMillian;  and (9)  a Motion by Plaintiffs in *Limine* as to matters concerning Robert Lee's (a) possible use of a pitch fork **[docket # 84-1]**, (b) his HIV-positive status **[docket # 84-2]**, (c) his prior convictions **[docket # 84-3]**, (d) his family's dispute regarding the distribution of his estate **[docket # 84-4]**, and (e) the fact that Deputy Sheriff McMillian was not indicted criminally in relation to this matter **[docket # 84-5]**.

The plaintiffs here are the heirs of Robert Lee who are represented by Addie Green, the Administratrix of the Estate of Robert Lee.  The defendants are Copiah County;  the Copiah County Board of Supervisors;  the Copiah County, Mississippi, Sheriff's Department;  Copiah Sheriff Frank Ainsworth, and Deputy Sheriff David McMillian.  Deputy Sheriff McMillian shot and killed Robert Lee, the dispute about the lawfulness of which occasions this lawsuit.

For the reasons explained below, this court denies defendants' motion for summary judgment.  This court terminates all other outstanding motions as moot, with the exception of the Motions in *Limine* filed by both defendants and plaintiffs, as additional information on the matters raised in those motions is needed to determine their relevance under Rule 402, Federal Rules of Evidence.[1]

---

[1] Rule 402, Federal Rules of Evidence provides: "Relevant Evidence Generally Admissible; Irrelevant Evidence Inadmissible.  All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority.  Evidence which is not relevant is not admissible."

**Pertinent Facts and Procedural History**

On January 4, 2003, on-duty Deputy Sheriff David McMillian ("McMillian") responded to two citizens' reports of a disturbance on Shelby Road in rural Copiah County, Mississippi. The citizens' reports alleged a disturbance involving a vehicle parked alongside Shelby Road, a fire blazing near the vehicle, an individual behaving oddly on the premises, and gunshots.

McMillian arrived on the scene and observed a fire blazing along the sides and rear of the vehicle. According to McMillian, a passerby advised him that the individual on the premises had a gun. As McMillian approached the truck, the individual, Robert Lee ("Lee"), supposedly stated that he had a gun and that he had killed his wife and kids and would kill him. McMillian said he tried unsuccessfully to convince Lee to stand away from the fire. At this time, McMillian says that he saw the barrel of a shotgun and that Lee repeated that he would kill him. McMillian returned to his patrol car to radio dispatch, who called the local volunteer fire department to the scene.

Lee then allegedly left the truck and walked quickly up the road. Deputy McMillian decided to follow Lee. According to McMillian, Lee went into the yard of a nearby trailer home and then hid in a creek bank. This property belonged to Harry Lee Craft. Craft, his grandson, Essie Craft, and Willie O'Quinn supposedly appeared at this time. As McMillian approached Lee, he (Lee) allegedly walked into the woods. According to plaintiffs, McMillian followed Lee into the woods. McMillian said he lost sight of Lee for a time. When Lee reappeared, he supposedly brandished a rake or a pitchfork. At this time, McMillian said that he considered using his pepper spray but that Lee was not in

3

close enough proximity. According to McMillian, he asked Lee to put down the rake. Lee refused, says McMillian, with Lee responding again that he had killed his wife and children and would kill McMillian as well. Lee allegedly swung the rake at this time. McMillian said that he drew his firearm and began to fire while falling backwards, supposedly out of fear for his safety. Lee was shot three times, twice in front, once in back. Five casings were found at the scene of the shooting. The facts regarding the spacing between the shots are in dispute.

The Mississippi Department of Public Safety investigated the matter to determine whether criminal charges should be brought. The investigation made its way to the District Attorney's Office; but no subsequent indictment resulted. Aggrieved at this outcome, plaintiffs allege that an independent investigation should have been undertaken, but was not regarding whether proper police procedures were followed during the course of the incident.

Later, the Copiah County, Mississippi, Board of Supervisors[2] entered the controversy when the Board responded to requests that the Board terminate McMillian's employment. Pursuant to a three-to-two vote, the Board voted to retain his services. Plaintiffs allege that the Board of Supervisors, when it voted, ignored the fact that McMillian had been "grandfathered" into the Sheriff's Office as a result of years of work as

---

[2]Mississippi Code Ann. § 19-3-1 provides that, "[e]ach county shall be divided into five (5) districts, with due regard to equality of population and convenience of situation for the election of members of the boards of supervisors, but the districts as now existing shall continue until changed. The qualified electors of each district shall elect, at the next general election, and every four (4) years thereafter, in their districts one (1) member of the board of supervisors. The board, by a three-fifths ( 3/5 ) vote of all members elected, may at any time, change or alter the districts, the boundaries to be entered at large in the minutes of the proceedings of the board. ... ."

a corrections officer and without the proper training for his Sheriff's Deputy position. According to plaintiffs, the Board's vote evidences a Board policy of ratifying the alleged misconduct plaintiffs attribute to the defendants relative to the shooting of Lee.

On December 20, 2003, plaintiffs filed their Complaint in this court against Copiah County, Copiah County Board of Supervisors, Copiah County, Mississippi Sheriff Department, Frank Ainsworth, and David McMillian, alleging that Lee's constitutional rights had been violated under the Fourth,[3] Fifth,[4] Ninth[5] and Fourteenth[6] Amendments to

---

[3]U.S. Const. amend. IV provides:

Unreasonable searches and seizures.  The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

[4]U.S. Const. amend. V provides:

Criminal actions--Provisions concerning--Due process of law and just compensation clauses. No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

[5]U.S. Const. amend. IX provides:  "Rights retained by people. The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."

[6]U.S. Const. amend. XIV provides in pertinent part:

All persons born or naturalized in the United States, and subject to the jurisdiction thereof, are citizens of the United States and of the State wherein they reside. No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

the United States Constitution, as guaranteed by Title 42 U.S.C. §§ 1983[7] and 1988.[8] *Inter alia*, plaintiffs allege unreasonable seizure, use of excessive force, deprivation of Lee's life and liberty without due process of law, and deprivation of Lee's right to family relationship, with regard to their federal constitutional claims. Under the Mississippi Constitution, plaintiffs advance claims of negligence, gross negligence and intentional

---

[7]Title 42 U.S.C. § 1983 provides:

Civil action for deprivation of rights.  Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. For the purposes of this section, any Act of Congress applicable exclusively to the District of Columbia shall be considered to be a statute of the District of Columbia.

[8]Title 42 U.S.C. § 1988 provides in pertinent part:

Proceedings in vindication of civil rights.  (a) Applicability of statutory and common law. The jurisdiction in civil and criminal matters conferred on the district and circuit courts [district courts] by the provisions of this Title, and of Title "CIVIL RIGHTS," and of Title "CRIMES," for the protection of all persons in the United States in their civil rights, and for their vindication, shall be exercised and enforced in conformity with the laws of the United States, so far as such laws are suitable to carry the same into effect; but in all cases where they are not adapted to the object, or are deficient in the provisions necessary to furnish suitable remedies and punish offenses against law, the common law, as modified and changed by the constitution and statutes of the State wherein the court having jurisdiction of such civil or criminal cause is held, so far as the same is not inconsistent with the Constitution and laws of the United States, shall be extended to and govern the said courts in the trial and disposition of the cause, and, if it is of a criminal nature, in the infliction of punishment on the party found guilty.

tort.  Finally, plaintiffs include a claim of reckless disregard for the safety of Robert Lee, in violation of Miss. Code. Ann. § 19-25-21 (1972).[9]

Defendants later filed their Motion for Qualified Immunity and/or Summary Judgment, asking this court to dismiss all or a portion of this lawsuit.  This court has federal-question jurisdiction by way of Title 28 U.S.C. §1331[10] and supplemental jurisdiction over plaintiffs' state law claims pursuant to Title 28 U.S.C. § 1367.[11]

---

[9]Miss. Code Ann. § 19-25-21 provides in pertinent part:

Each deputy sheriff who shall have law enforcement duties shall, at the expense of the county, attend and complete an appropriate curriculum in the field of law enforcement at the Mississippi Law Enforcement Officers' Academy within one (1) year from the date of his appointment, excluding those who have previously served as sheriff, or have had at least five (5) years' experience as a full-time law enforcement officer, or have previously successfully completed a course of training at the Mississippi Law Enforcement Officers' Academy or at the Jackson Police Academy. Any deputy sheriff exempted from attendance at the initial course as herein provided because of previous service as sheriff or having five (5) years' full-time law enforcement experience must have served as sheriff or obtained such experience within a period of ten (10) years prior to the date of his taking the oath of office.  Any deputy sheriff exempted from attendance because of successful completion of a course of training at either of the aforementioned academies must have completed such course within five (5) years prior to the date of his taking the oath of office. Each deputy sheriff shall thereafter, on a periodic and continuing basis, attend additional advanced courses in law enforcement at said Academy in order that each deputy sheriff will be properly informed and trained in the modern, technical advances in the field of law enforcement.

[10]Title 28 U.S.C. § 1331 provides:  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

[11]Title 28 U.S.C. § 1367 provides:

Except as provided in subsections (b) and (c) or as expressly provided otherwise by Federal statute, in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties.

**Summary Judgment Standard**

Summary judgment is appropriate only "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that no genuine issue of material fact exists and that the moving party is entitled to judgment as a matter of law." *Hirras v. Nat'l R.R. Passenger Corp.*, 95 F.3d 396, 399 (5th Cir. 1996) (quoting Fed. R. Civ. P. 56(c)). In ruling on a motion for summary judgment, the court is not to make credibility determinations, weigh evidence, or draw from the facts legitimate inferences for the movant, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S. Ct. 2505, 2511, 91 L. Ed. 2d 202 (1986); rather, "it is the province of the jury to access the probative value of the evidence." *Dennett-Murray Corp. v. Bone*, 622 F.2d 887, 892 (5th Cir. 1980). "Summary judgment can be granted only if everything in the record demonstrates that no genuine issues of material facts exist." *Id.* Summary judgment is improper where the court merely believes it is unlikely that the non-moving party will prevail at trial. *National Stream Serv. Corp. v. Poster Exchange, Inc.*, 305 F.2d 647, 651 (5th Cir. 1962). Facts that are irrelevant or unnecessary to a decision are "non-material" and do not prevent summary judgment. *Anderson*, 477 U.S. at 242; *Phillips Oil Co. v. O.C. Corp.*, 812 F.2d 265 (5th Cir. 1987).

Summary judgment is mandated in any case where a party fails to establish the existence of an element essential to the case and on which the party has the burden of proof. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). Rule 56(c) further requires that the court enter summary judgment if the

8

evidence favoring the non-moving party is not sufficient for the trier of fact to enter a verdict in the non-moving party's favor. *See Anderson,* 477 U.S. at 252; *Exxon Corp. v. Burglin,* 4 F.3d 1294, 1297 (5th Cir. 1993).

When the moving party has challenged the non-movant's case under Rule 56(c), the opposing party must present more than a metaphysical doubt about the material facts in order to preclude the grant of summary judgment. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U. S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986). In response to a motion for summary judgment, the non-moving party is required to respond with specific proof demonstrating a triable issue of fact as to each of the elements required for establishment of the claim or claims asserted. *Washington v. Armstrong World Indus.,* 839 F.2d 1121, 1122–23 (5th Cir. 1988). That said, the court must resolve all reasonable doubts about the existence of a genuine issue of material fact against the movant. *Byrd v. Roadway Express, Inc.*, 687 F.2d 85, 87 (5th Cir. 1982).

**Law and Application**

*Section 1983 Deprivation of Fourth, Fifth, Ninth and Fourteenth Amendment Rights*

To prove unreasonable seizure under the Fourth Amendment, plaintiffs must show McMillian intended to obtain physical control of Lee. "Violation of the Fourth Amendment requires an intentional acquisition of physical control." *Brower v. County of Inyo*, 489 U.S. 593, 596, 109 S. Ct. 1378, 103 L. Ed. 2d 628 (1989). "An arrest requires *either* physical force (as described above) *or*, where that is absent, *submission* to the assertion of authority." *California v. Hodari, D.*, 499 U.S. 621, 111 S. Ct. 1547, 113 L. Ed. 2d 690 (1991). Because fact questions remain surrounding whether McMillian's gunshots

9

constitute physical force amounting to a seizure, or were merely self-defense, the issue of unreasonable seizure survives summary judgment.

Next, plaintiffs claim that McMillian exercised excessive force in violation of the Fourth Amendment by shooting Lee.

> "The test of reasonableness under the Fourth Amendment is not capable of precise definition or mechanical application," Bell v. Wolfish, 441 U.S. 520, 559, 99 S.Ct. 1861, 1884, 60 L.Ed.2d 447 (1979), however, its proper application requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight. See Tennessee v. Garner, 471 U.S., at 8-9, 105 S.Ct., at 1699-1700 (the question is "whether the totality of the circumstances justifie[s] a particular sort of ... seizure").

*Graham v. Connor*, 490 U.S. 386, 396, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989).

To determine whether the alleged seizure included unreasonable force, the court must consider the various circumstances such as the severity of the crime, the safety of the officer and others, and evasion of arrest. In addition to these disputed matters, fact questions exist as to why: (1) there was an upward trajectory to the gunshot wound in Lee's back, (2) there were three gunshot wounds, and (3) there was differing testimony by witnesses as to the intervals between the gunshots. Based upon the presence of these many fact questions, this court concludes that plaintiffs' Fourth Amendment claims regarding unreasonable seizure and excessive use of force, and plaintiffs claims under the Fifth, Ninth and Fourteenth Amendments regarding the deprivation of Lee's life and his right to family relations as a result of McMilllian's having shot him during the incident alleged, survive summary judgment.

10

*Qualified Immunity for Deputy Sheriff McMillian*

Plaintiffs argue that McMillian is not entitled to qualified immunity as a shield for liability in this case. "Qualified immunity shields government officials from civil damages liability if their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Raju v. Rhodes,* 7 F.3d 1210, 1215 (5th Cir. 1993). To determine whether an officer is entitled to qualified immunity, the court looks to (1) whether a plaintiff alleges a violation of a clearly established right under current law, and (2) whether the defendant's conduct was "objectively reasonable" according to the current law. *Pierce v. Smith,* 117 F.3d 866, 872 (5th Cir. 1997). Questions of fact remain regarding whether McMillian or others were threatened by Lee's conduct at the time of the incident, so as to justify McMillian's shooting Lee. Since fact questions remain regarding the constitutional violations and the reasonableness of McMillian's conduct in relation to those claims, this court finds that the issue of qualified immunity, too, survives summary judgment.

*Qualified Immunity of the Other Defendants Under Section 1983*

The plaintiff has sued Copiah County; the Copiah County Board of Supervisors; the Copiah County, Mississippi Sheriff's Department; and Copiah Sheriff Frank Ainsworth, as well as Deputy Sheriff David McMillian under § 1983 for McMillian's conduct on the day in question. While this court has concluded that McMillian is not entitled to summary judgment based on qualified immunity, this court finds that the qualified immunity defense asserted by the other defendants is meritorious.

A government entity such as Copiah County, Mississippi, may be held liable under § 1983 only when the injury results from the "execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts and acts may fairly be said to represent official policy." *Keenan v. Tejeda,* 290 F.3d 252, 262 (5th Cir. 2002), citing *Monell v. Department of Social Services*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In order to show government entity liability in the instant case, plaintiffs must prove a policy or practice that brought about the deprivation of Lee's constitutional rights. A policy or practice of the government entity must be the proximate cause of the deprivation of the plaintiff's constitutional right to give rise to municipal liability under § 1983. *Monell,* 436 U.S. at 694. A government entity's liability under § 1983 is not vicarious; rather, it must result from a policy or practice that proximately caused deprivation of the plaintiff's rights. *Bennett v. City of Slidell*, 728 F.2d 762, 767 (5th Cir. 1984). For instance, the United States Court of Appeals for the Fifth Circuit has declined to find a government entity liability for failure to train where the individual law enforcement officers successfully had completed the minimum training mandated by state law. *Benavides v. County of Wilson*, 955 F.2d 968, 973 (5th Cir. 1992); and see *Board of County Commissioners of Bryan County, Oklahoma v. Brown,* 520 U.S. 397, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997). In *City of Canton, Ohio v. Harris*, 489 U.S. 378, 109 S.Ct. 1197, 103 L.Ed.2d 412 (1989), the United States Supreme Court observed that a § 1983 plaintiff must show that any failure to train by the government entity reflects a "deliberate" or "conscious" choice to endanger constitutional rights.

Plaintiffs in the instant case make no such showing. While the plaintiffs allege a practice of indifference on the part of the Copiah County, the Copiah County Board of Supervisors, the Copiah County Sheriff's Office and Sheriff Frank Ainsworth with regard to training, these assertions are based on the allegation that certain Sheriff's Deputies were "grandfathered" into Copiah County positions and not required to undergo subsequent training. This falls short of asserting a conscious decision by Copiah County deliberately to endanger constitutional rights. Further, plaintiffs have not shown that "grandfathering" in this manner offends any law, regulation or certification requirement. Similarly, in spite of plaintiffs' argument to the contrary, this court is not persuaded that Copiah County's vote by its Board of Supervisors to retain Deputy Sheriff McMillian is any evidence that Copiah County made a conscious decision to endanger the constitutional rights of anyone.

Finally, the plaintiffs have charged Copiah County, its Board of Supervisors, its Sheriff's Department and its Sheriff with failure to investigate excessive force claims regarding Copiah County Deputy Sheriffs. Of course, the plaintiffs must show that the alleged failure to investigate was based on an official policy or custom, and not mere negligence. *Board of County Com'rs of Bryan County v. Brown*, 520 U.S. at 403-404; *Monell*, 436 U.S. at 690-91. The plaintiffs have asserted nothing to support their contention that Copiah County, its Board of Supervisors, its Sheriff's Department or its Sheriff had knowledge that Deputy Sheriff McMillian or other Deputy Sheriffs routinely used excessive force, or that some policy condoned such conduct.

Therefore, because the plaintiffs cannot establish an officially enacted and executed policy or custom by Copiah County, its Board of Supervisors, its Sheriff's Department and/or its Sheriff that caused the plaintiffs' injuries, the plaintiffs' §1983 claims against these defendants must be dismissed as a matter of law.

*Violation of the Mississippi Constitution Under Section 1983*

Plaintiffs also allege Lee's rights under Mississippi's Constitution and Mississippi state law were deprived under § 1983. The Mississippi Tort Claims Act provides the exclusive remedy for a party alleging municipal liability under state law. Miss. Code Ann. §11-46-7(1).[12] The Mississippi Tort Claims Act also shields municipalities and their employees from liability in regard to functions considered "discretionary," or functions that require an official to exercise judgment. *Id.* § 11-46-9(1)(d). "An officer's conduct although normally shielded by immunity, when coupled with reckless disregard, may allow for a finding of liability." *City of Jackson v. Brister*, 838 So. 2d 274, 280 (2003). Therefore, the Mississippi Tort Claims Act shields Copiah County, the Board of Supervisors and the Sheriff's Department from liability under state law if McMillian engaged in a discretionary function. Plaintiffs' state law claims against McMillian, in his official capacity as Sheriff's Deputy, depend on whether his conduct rose to the level of

---

[12]Miss. Code Ann. § 11-46-7(1) provides:

The remedy provided by this chapter against a governmental entity or its employee is exclusive of any other civil action or civil proceeding by reason of the same subject matter against the governmental entity or its employee or the estate of the employee for the act or omission which gave rise to the claim or suit; and any claim made or suit filed against a governmental entity or its employee to recover damages for any injury for which immunity has been waived under this chapter shall be brought only under the provisions of this chapter, notwithstanding the provisions of any other law to the contrary.

14

reckless disregard. Since questions of fact remain as to whether McMillian's conduct was discretionary and/or constituted reckless disregard, the issues of municipal and official capacity liability under the Mississippi Constitution survive summary judgment. Claims against McMillian in his individual capacity under the Mississippi Constitution also survive summary judgment because the same fact questions bear upon plaintiffs' state law claims of negligence, gross negligence, and intentional tort.

### **Conclusion**

Based upon the foregoing discussion, this court hereby denies defendants' motion for summary judgment attacking plaintiff's § 1983 claims against Deputy Sheriff McMillian, contending that he deprived Robert Lee's Fourth, Fifth, Ninth and Fourteenth Amendment rights.

This court further denies defendants' motion asking this court to hold that Deputy Sheriff McMillian is entitled to qualified immunity.

This court grants defendants' motion asking this court to dismiss plaintiff's § 1983 claim against Copiah County, the Copiah County Board of Supervisors, the Copiah County, Mississippi Sheriff's Department and Sheriff Frank Ainsworth.

This court denies defendants' motion asking this court to dismiss plaintiff's §1983 claims against Copiah County, the Board of Supervisors, the Copiah County Sheriff's Department and Deputy Sheriff McMillian, asserting a violation of the Mississippi Constitution.

By indication of the plaintiffs, the John Doe defendant is dismissed from this lawsuit.

Finally, the motion in limine of the plaintiff [**docket no. 84**] is hereby denied at this time. However, the plaintiff is directed to raise these matters at the appropriate time at trial. All other pending motions are, hereby, rendered moot.

The trial of the remaining issues in this lawsuit is set for April 30, 2007, with the pretrial conference to be held April 17, 2007, at 4:00 o'clock p.m.

**SO ORDERED this the 30th day of September, 2006.**

**s/ HENRY T. WINGATE**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**

Civil Action No. 3:03-cv-1388WS
Memorandum Opinion and Order